# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINWOOD C. COPELAND,** | **:** | **CIVIL NO. 3:15-CV-0481** |
| **Petitioner** | **:** | **(Judge Munley)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **MARK CAPOZZA, WARDEN,** | **:** | |
| **ATTORNEY GENERAL OF THE** | **:** | |
| **STATE OF PENNSYLVANIA,** | **:** | |
| **Respondents** | **:** | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Petitioner Linwood C. Copeland ("Copeland"), a Pennsylvania state inmate,

commenced this action on or about February 23, 2015, with the filing of a *pro se* petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the

Western District of Pennsylvania.  (Doc. 1).  The petition was transferred to the Middle

District of Pennsylvania on March 9, 2015.

Copeland challenges the Judgment of Sentence entered on June 10, 2013, in Court of

Common Pleas of Dauphin County Criminal case number CP-22-CR-5742425-1996.  (Id.)

In response to the petition, on July 21, 2015, Respondents filed a Memorandum of Law (Doc.

18) and Exhibits (Doc. 18-1).  Copeland filed  a reply (Doc. 20) on August 6, 2015.  The

petition is ripe for disposition and, for the reasons that set forth below, the petition will be

denied.

I.    **Background**

"On June 10, 2015, following oral and written plea colloquies, Copeland entered a

negotiated guilty plea to indecent assault, unlawful contact of a minor and corruption of

minors" in violation of 18 PA.C.S.A. §§ 3126(a)(7), 6318(a)(1), and 6301(a)(i)(ii),

respectively, in the Court of Common Pleas of Dauphin County.  (Doc. 18-5, p. 1 and n. 1).

"The same day, he was sentenced to not less than two and a half nor more than five years'

incarceration each for indecent assault and corruption of minors, and two years' supervision

for unlawful contact with a minor, all to be served consecutively, for an aggregate sentence

of five to ten years' incarceration plus two years' supervision.  Copeland did not file post-

sentence motions or a direct appeal.  (Id. at 1-2).  He did, however, file a timely Post-

Conviction Relief Act petition pursuant to 42 PA.C.S.A. §9541 *et seq.*, on December 4, 2013

"claiming ineffective assistance of counsel because his sentences were ordered to be served

consecutively instead of concurrently and because counsel failed to correct this oversight

upon Copeland's request" *via* post sentence motions.  (Id. at 2).  The PCRA court dismissed

the petition on March 4, 2014.  (Id.)

Copeland appealed to the Superior Court of Pennsylvania raising the following issue:

"Was [Copeland] denied the effective assistance of counsel where trial counsel refused to file

withdrawal of [his] plea, reconsideration, and modification of the 5-10 year sentence[?]" (Id.

citing Copeland's PCRA Brief ).  The Superior Court affirmed the PCRA court's dismissal of

the PCRA petition . (Id. at 1-7).

In his federal petition, Copeland raises the identical ineffective assistance of counsel

2

claim he raised in his PCRA proceedings.  (Doc. 1-1, p. 6).

## II.  **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts reviewing a state prisoner's application for a writ of habeas corpus may not grant relief "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"[B]ecause the purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction," Greene v. Fisher, — U.S. — , 132 S.Ct. 38, 43 (2011) (internal quotations and citations omitted), "[t]his is a difficult to meet and highly deferential standard . . . which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (internal quotation marks and citation omitted).  The burden is on Hunt to prove entitlement to the writ.  Id.

A decision is "contrary to" federal law if "the state court applies a rule that contradicts

3

the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A decision is an "unreasonable application" of federal law if the state court identified the correct governing legal rule but applied the rule to the facts of the case in an objectively unreasonable manner. Renico v. Lett, 559 U.S. 766, 773 (2010). A decision is based on an "unreasonable determination of the facts" if the state court's factual findings are objectively unreasonable in light of the evidence presented to the state court. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

In analyzing Copeland's ineffective assistance of counsel claims, the state court utilized the following three pronged state law test of ineffectiveness:

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

(Doc. 18-5, p. 4). The United States Court of Appeals for the Third Circuit has ruled that this standard is not "contrary to" Strickland. Werts v. Vaughn, 228 F. 3d 178, 203 (3d Cir. 2000).

Further, in accord with well-established Supreme Court precedent, the state court recognized that a criminal defendant's right to effective assistance of counsel extends to the plea process, as well as during trial. (Doc. 18-5, pp. 3-4, citing Commonwealth v. Wah, 42 A.3d 335, 338-39 (Pa. Super. 2012) (citations and quotation marks omitted). See Missouri

4

v. Frye, — U.S. —,  132 S.Ct. 1399, 1404 (2012); Lafler v. Cooper, — U.S. — , 132 S.Ct.

1376, 1384 (2012); see also Padilla v. Kentucky, 559 U.S.356, 373 (2010); Hill v. Lockhart,

474 U.S. 52, 57 (1985).  During plea negotiations defendants are "entitled to the effective

assistance of competent counsel."  McMann v. Richardson, 397 U.S. 759, 771 (1970).  In

Hill v. Lockhart, the Court held "the two-part Strickland v. Washington test applies to

challenges to guilty pleas based on ineffective assistance of counsel."  Hill, 474 U.S. at 58.

Therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of

Strickland to [petitioner's] ineffectiveness claim was objectively unreasonable, *i.e.*, the state

court decision evaluated objectively and on the merits, resulted in an outcome that cannot

reasonably be justified under Strickland," id. at 204, or, whether the adjudication of the

claims resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceedings.  28 U.S.C. §§ 2254(d)(1) and

(2).

The state court first noted that "[a]llegations of ineffectiveness in connection with the

entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the

defendant to enter an involuntary or unknowing plea.  Where the defendant enters his plea on

the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was

within the range of competence demanded of attorneys in criminal cases.  Commonwealth v.

Wah, 42 A.3d 335, 338-39 (Pa. Super. 2012) (citations and quotation marks omitted)."  (Doc.

18-5, pp. 3-4).  This, too, is in accord with Supreme Court precedent which holds that the

Due Process Clause of the Fourteenth Amendment requires that a guilty plea be entered

intelligently and voluntarily.  Boykin v. Alabama, 395 U.S. 238, 242–43 (1969).  Before

pleading guilty, a criminal defendant should be advised of "all of his constitutional rights and

protections, including the privilege against self-incrimination guaranteed by the Fifth

Amendment, the right to trial by jury, and the right to confront one's accuser s."  Hill v.

Beyer, 62 F.3d 474, 480 (3d Cir.1995) (citing Boykin, 395 U.S. 242–43.  A defendant must

show the outcome of the plea process would have been different with competent advice.  See

Lafler, 132 S.Ct. at 1384 (noting that Strickland's inquiry, as applied to advice with respect

to plea bargains, turns on the probability that, but for counsel's errors, "the result of the

proceeding would have been different").

     Notwithstanding the above, because of the force of the original plea hearing and the

finality associated with a guilty plea, in collaterally attacking a plea of guilty, a defendant

"may not ordinarily repudiate" statements made to the sentencing judge when the plea was

entered.  Blackledge v. Allison, 431 U.S. 63, 71, 73 (1977) (citing Fontaine v. United States,

411 U.S. 213, 215 (1973).  "For the representations of the defendant, his lawyer, and the

prosecutor at such a hearing, as well as any findings made by the judge accepting the plea,

constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations

in open court carry a strong presumption of verity."  Id. at 73-74.

     The superior court set forth the following pertinent facts surrounding the negotiated

plea offer and plea:

> On June 10, 2013, Copeland submitted a written guilty plea colloquy, in which
> he acknowledged that his attorney had explained the charges and associated
> maximum penalties, that he was satisfied with his attorney and his

representation, and that his plea was voluntarily made and in his best interests. Written Plea Colloquy, 6/10/2013. At the plea hearing, the court conducted an additional oral colloquy, at which the following was elicited:

> [The Commonwealth]:      . . . It is my understanding the defendant is prepared to enter a guilty plea pursuant to a negotiated plea agreement in this matter; specifically, the defendant would receive a sentence of five to ten years in a State Correctional Institut[ion] and that he would receive a consecutive two years of probation.
>
> \*      \*      \*
>
> In addition, the defendant would be subject to the standard conditions for sexual offenders.
>
> It's my understanding further, your Honor, that he is willing to be sentenced today so that he can be transferred to SCI, and that he would do the Megan's Law hearing during a subsequent proceding [sic]. And we would just submit a court order to Your Honor for evaluation.
>
> The Court:   Excellent.
>
> [The Commonwealth]:      Sir, is that your understanding of the agreement in this case?
>
> [Copeland]:   Yes.

Notes of Testimony ("N.T.") Guilty Plea, 6/10/2013, at 2-3. Additionally, the Commonwealth asked Copeland, "Do you understand that by signing this colloquy that you are indicating you understand everything in it, you've reviewed it with your attorney, and it is your intention to enter a guilty plea to the charges pursuant to the negotiated plea agreement? to which he responded, "Yes." Id. at 5. The court accepted the guilty plea and counsel for Copeland requested that the court "impose the negotiated agreement in this case." Id. at 7. Thus, the court structured Copeland's guilty pleas to Count 1 and Count 3 to two and a half to five years each to be served consecutively, for an aggregate sentence of the agreed-to-five-to-ten-year sentence. Id. at 12.

(Id. at pp. 4-5). Based on these facts, the court determined that Copeland agreed with the

7

Commonwealth that he had knowingly and voluntarily negotiated a sentence of five to ten years' incarceration.  Id. at 5, citing N.T. at 2.  And, because "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled[,]" he was prohibited from subsequently claiming that he believed that the two-and a-half to five year sentences on Counts 1 and 3 would be ordered to run concurrently rather than consecutively.  (Id. at p. 5 (quoting Commonwealth v. Stork, 737 A.2d 789, 790-91 (Pa. Super. 1999)).  Consequently, the court concluded that there was no underlying merit to Copeland's claim that "his negotiated plea was involuntary or unknowing, and his claim for ineffective assistance of counsel on this ground fails."  (Id. at 6 (citing Wah, 42 A.3d at 338-39)).

It is clear that the application of Strickland to this ineffectiveness claim was objectively reasonable.  Further, the adjudication of the claim resulted in a decision that was based on a reasonable determination of the facts in light of the state court record.

With regard to Copeland's contention that counsel was ineffective for failing to file a post-sentence motion, it is well-settled that counsel's role as advocate requires that he support his client's appeal to the best of his ability.  Anders v. State of Cal., 386 U.S. 738, 744 (1967).  However, this is not the scenario with which the state court was presented.  The court first noted that "[c]ounsel's failure to file post-sentence motions [does] not fall within the narrow ambit of ineffectiveness claims requiring no finding of prejudice."  (Id. at 6). The court then concluded the following:

Copeland was informed of his post-sentencing rights in his written guilty plea

8

colloquy, and agreed that "the only things that can be raised on appeal are the voluntariness of the plea, the jurisdiction of the court to hear the plea, and the legality of whatever sentence is imposed." Written Plea Colloquy, 6/10/2013, at 2-3; see also Commonwealth v. Stewart, 867 A.2d 589, 591 (Pa. Super. 2005) ("A plea of guilty forecloses challenges to all matters except the voluntariness of the plea, the jurisdiction of the court, or the legality of the sentence.").

Copeland's only challenge to his guilty plea is on the grounds of involuntariness, a claim which, as previously discussed, lacks merit. Therefore, Copeland has not proven that he was prejudiced by counsel's failure to file a post-sentence motion to correct his sentence. [Citations omitted]. Thus, Copeland's allegation of ineffective assistance of counsel on this ground does not merit relief. Wah, 42 A.3d at 338-39. Accordingly, the PCRA court did not err in dismissing his petition. Lewis, 63 A.3d at 1278.

Doc. 18-5, pp. 6-7).

The above demonstrates that the state court's application of Strickland to this ineffectiveness claim was objectively reasonable, and that the decision was based on a reasonable determination of the facts gleaned from the sentencing transcript and the negotiated and executed plea offer. (Doc. 18-2, pp. 11-15, 18-23).

In an effort to demonstrate that the state court erred in its determination, Copeland submits a letter from trial counsel dated November 6, 2013, the contents of which are as follows:

This letter is in response to the letter I received from you on November 1, 2013. There is no basis for filing motions regarding the sentence you accepted and your sentence will not be changed. You accepted a plea deal for the sentenced [sic] you received after an informed and voluntary plea. Any motion to modify your sentence must be filed within ten days of your sentencing. More than ten days have passed. In your case you decided to accepted [sic] a negotiated plea deal. Even if a petition to modify sentence was filed within ten days of sentencing that petition would have been denied. At this point your only remedy is to file a petition for post-conviction (P.C.R.A.) relief. That petition is something you can file on you own. Since your decision to plead was informed, knowing, and

voluntary I do not believe you have any issues to arise in a P.C.R.A. petition.

(Doc. 1-2, p. 4).  First and foremost, the letter is not part of the state court record.  Review

under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the

claim on the merits.  Cullen v. Pinholster, 563 U.S. 170, 181 (2011).  It does, however, bear

noting that the letter does not advance Copeland's claim.  The plea offer executed on June

10, 2013, provided that post-trial motions were be filed within ten days and appellate review

of specific issues was to be sought within thirty days.  (Doc. 18-2, p. 22).  Copeland did not

seek assistance from his trial counsel until almost five months after the plea offer was

executed, his guilty plea was entered, and sentence was imposed, well beyond the time frame

dictated by the plea agreement.

## III.   Conclusion

For the reasons set forth above, the petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 will be denied.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of

appealability ("COA"), an appeal may not be taken from a final order in a proceeding under

28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of

the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322

(2003).  Pettiioner fails to demonstrate that a COA should issue.

10

The denial of a certificate of appealability does not prevent Copeland from appealing the order dismissing his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals.  See FED. R. APP. P. 22(b)(1), (2).

A separate order will enter

BY THE COURT:


<u>**s/James M. Munley**</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**



Dated:        November 14, 2016